PRESIDENT, DIRECTORS AND COMPANY OF THE GROCERS' BANK *vs.* THEODORE A. SIMMONS & another, & Trustees.

The assignee, under an assignment at common law by an insolvent debtor, cannot be charged as trustee in foreign attachment of the debtor for money paid out by him to creditors according to the assignment; but may be so charged for money paid to manufacture the property assigned.

TRUSTEE PROCESS.    At the trial in this court, *Merrick*, J. ordered James M. Beebe and others, summoned as trustees, to be charged upon their answers, and they alleged exceptions, which sufficiently appear in the opinion.

*J. D. Ball*, for the trustees.

*H. C. Hutchins*, for the plaintiffs.

MERRICK, J.    The assignment disclosed by the trustees is an assignment at common law by the debtor for the benefit of all his creditors.   But being inconsistent with the spirit and purpose of the several statutes for the relief of insolvent debtors and the equal distribution of their estates, it was voidable by any of his creditors who should not assent to it.    *Wyles* v. *Beals*, 1 Gray, 233.   *Edwards* v. *Mitchell*, 1 Gray, 239.   But still it has been held, that if a person receive property from a debtor for the purpose of paying the debts of such of his creditors as a compromise could be effected with, he will not be chargeable as his trustee at the suit of any other creditor on account of money realized from the assigned property, which he has actually paid before the commencement of the suit upon a compromise of his debt, and in pursuance of the contract and agreement under and

**by** which the original transfer of the property was made. *Bowles* v. *Graves,* 4 Gray, 117. Under that decision, the trustees in this case upon their answer have discharged themselves from liability in relation to much of the property assigned to them, by disclosing many payments to creditors in pursuance of the terms and stipulations contained in the assignment. But not wholly so. They had, at the time of the service of the writ upon them, a considerable sum of money in their hands, for which they must be held as trustees of the principal defendant. Their objection that this money, together with all proceeds to be derived from the disposition and sale of the schooner Tickler and her cargo, is and will be insufficient to pay the liabilities which they had incurred in purchasing goods for the purpose of manufacturing into clothing some of the goods conveyed to them by the assignment, is no defence against the attachment, and cannot be allowed to avail them. Such liabilities, incurred under an assignment at common law, would, before the enactment of the several statutes relative to insolvency before referred to, have been protected by the funds in their hands. *Tucker* v. *Clisby,* 12 Pick. 22. But it is otherwise now ; since such assignments are no longer permitted to operate as absolute contracts obligatory upon all parties, so that they cannot be interfered with by creditors who withhold their assent from them. And therefore as to any money thus received by the trustees, which they have not actually paid, or by some subsequent valid contract become themselves bound to pay, to creditors in conformity to its stipulations, they remain liable as trustees, and the funds in their hands could be attached by service upon them of a proper writ sued out by any unsatisfied creditor.

Without now seeking to ascertain for what exact sum the trustees are liable, it is sufficient, in order to dispose of this bill of exceptions, to determine that they had property in their hands at the time of the service of the writ upon them, which the plaintiffs are entitled to hold by their attachment.

*Exceptions overruled.*